UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JACK ALLEN MORRISON,

    Plaintiff,

v.                                        Case No.:  2:21-cv-954-SPC-NPM

TARGET CORPORATION,

    Defendant.
_____/

## **ORDER**[1]

Before the Court is Defendant Target Corporation's response (Doc. 10) to the Court's Order to Show Cause (Doc. 3). Target tried to show the amount in controversy meets the jurisdictional minimum. Because it did not do so, the Court remands.

Removal is proper when the district court has original jurisdiction over the case. 28 U.S.C. § 1441(a). The jurisdictional minimum in federal court is an amount over $75,000. 28 U.S.C. § 1332(a). "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

jurisdictional requirement." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Because of "significant federalism concerns," courts interpret removal statutes strictly and resolve all doubts in favor of remand. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

Target contends more than $75,000 is in dispute when considering Plaintiff Jack Morrison's medical bills alongside his subsequent injuries and claimed noneconomic injuries (e.g., pain and suffering, disability, mental anguish). Currently, Morrison's medical bills are almost $31,200. This amount does not include bills for later injuries (a broken arm and torn rotator cuff), which Morrison attributes to side effects of his injuries from the slip and fall. What's more, Target learned Morrison's doctor recommended another eye surgery that he may ascribe to the original incident.

As before, Target provides nothing from which the Court can conclude it has jurisdiction. While it filed the medical bills, Target still offers nothing suggesting the amount in controversy exceeds $75,000. The cost of Morrison's potential future treatment is speculative. And the noneconomic injuries are too. On this record, the Court could do little more than "hazard a guess on the jurisdictional amount in controversy." *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). Of course, the Court cannot do so.

Target seems to misunderstand the law. It contends including the unquantified amounts "can easily meet or exceed the $75,000 minimum." (Doc.

2

10 at 3). But the inquiry is not whether the injuries *can* meet the minimum. Rather, the question is whether Target carried its burden to "prove" the amount "more likely than not exceeds the applicable jurisdictional requirement." *Pretka*, 608 F.3d at 752 (cleaned up). Because Target failed to do so, the Court must remand. 28 U.S.C. § 1447(c).

Accordingly, it is now

**ORDERED:**

1. The action is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida.

2. The Clerk is **DIRECTED** to transmit a certified copy of this Order to the Clerk of that Court.

3. The Clerk is **DIRECTED** to deny any pending motions, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on January 18, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record